1

2  **PINNOCK & WAKEFIELD**
   A Professional Corporation
3  Theodore A. Pinnock, Esq.      Bar #: 153434
   David C. Wakefield, Esq.       Bar #: 185736
4  Michelle L. Wakefield, Esq.    Bar #: 200424
   3033 Fifth Avenue, Suite 410
5  San Diego, CA 92103
   Telephone:  619.858.3671
6  Facsimile:  619.858.3646

7  Attorneys for Plaintiffs

8

9

10                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA

11

12  TRIPPLE AAA ASSOCIATION FOR          Case No. 06 CV 2590  LAB  NLS
    CHILDREN WITH
13  DEVELOPMENTAL DISABILITIES           CLASS ACTION

14                                       CIVIL COMPLAINT:
                    Plaintiffs,          DISCRIMINATORY PRACTICES IN
15                                       PUBLIC ACCOMMODATIONS
              v.                         [42 U.S.C. 12182(a) ET. SEQ; CIVIL
16                                       CODE 51, 52, 54, 54.1]

17  COURTESY AUTO RENTALS, LP;
18  BUDGET TRUCK RENTAL, LLC; And        DEMAND FOR JURY TRIAL
    DOES 1 THROUGH 10, Inclusive         [F.R.Civ.P. rule 38(b)]
19
                    Defendants.
20

21

22                              **INTRODUCTION**

23          Plaintiffs herein complain, by filing this Civil Complaint in accordance with rule 8 of the

24  Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the

25  Southern District of California, that Defendants have in the past, and presently are, engaging in

26  discriminatory practices against individuals with disabilities, specifically including minorities with

27  disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to

28  compel access compliance because empirical research on the effectiveness of Title III of the

Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts.  Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.      The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

## SUPPLEMENTAL JURISDICTION

2.      The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiffs were denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint.  Further, due to this denial of full and equal access, TRIPPLE AAA ASSOCIATION FOR CHILDREN WITH DEVELOPMENTAL DISABILITIES and other persons with disabilities were injured.  Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

2

3.      Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. As to Defendants and the property the public record reveals:

Buyer: NO RECORD FOUND

Buyer Mailing Address: NO RECORD FOUND

Property Address: 985 E. Main Street, El Cajon, CA 92021

Assessor's Parcel Number: NO RECORD FOUND

DBA Name: COURTESY AUTO RENTALS, LP

Business Address: 985 E. Main Street, El Cajon, CA 92021

Contact/Owner Name: BUDGET TRUCK RENTAL, LLC

Contact/Owner Address: 1 Campus Drive, Parsippany, New Jersey 07054-0642

4.      The words "Plaintiffs" and "Plaintiff's Member" as used herein specifically include the organization and TRIPPLE AAA ASSOCIATION FOR CHILDREN WITH DEVELOPMENTAL DISABILITIES and persons associated with its Members who accompanied Members to Defendants' facilities.  Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of COURTESY AUTO RENTALS, LP; and BUDGET TRUCK RENTAL, LLC.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

5.      Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23(b) AS TO ALL DEFENDANTS

6.      Plaintiffs are members of a group within the State of California composed of persons with a wide range of disabilities, limited to persons who use wheelchairs for mobility, who must be able to access retail merchandise establishments, like Defendants' establishments located within the facility in which COURTESY AUTO RENTALS, LP is located.  Plaintiffs are precluded from equal access to Defendants' establishment so meaningfully because the establishment fails to provide access for members of the disability community who use a wheelchair for mobility to disabled parking facilities, exterior path of travel facilities, entrance facilities, interior path of travel facilities, and display facilities.  The Supreme Court of the United States has held as long as the class representative provides adequate representation for the class' interests, the court has the power to adjudicate the rights and obligations of all class members – even those who would otherwise be beyond the reach of its personal jurisdiction. Phillips Petroleum Co. v. Shutts, 472 US 797 (1985). This case stands for the proposition that minimum contacts are not required with nonresident members of a plaintiff class because, "the burdens placed by a State upon absent class action plaintiff are not of the same order or magnitude as those it places on an absent defendant." Id. Plaintiffs allege they will insure class members shall receive adequate notice of the proceedings and the opportunity to "opt out," if required.  Defendants have conducted themselves such as to establish a pattern and practice of architectural discrimination.  Plaintiffs allege that Defendants have control over each and every facility, establishment, and/or business located within the Defendant Landlords' facilities in which Defendant COURTESY AUTO RENTALS, LP is located. Accordingly, Plaintiffs allege Defendants are responsible for removing architectural barriers at Defendants' facilities and the establishment/business contained therein.  For the aforementioned reasons, Plaintiffs allege they are proper class representatives for members of the disability community who use a wheelchair for mobility because the members of the disability community who use a wheelchair for mobility are so numerous that joinder is impracticable due to the fact more than one hundred (100) persons fall within the membership description. Also, the questions of law or fact are so common because the members of the disability community who use a wheelchair

for mobility are being denied their civil rights under federal and state laws – that is, each member of the disability community who use a wheelchair for mobility suffered substantially similar violations relating to exterior path of travel facilities, entrance facilities, restrooms, interior path of travel facilities, and display facilities.  Further, the claims or defenses of the representative parties are typical – Plaintiffs have the right to access facilities, establishments, and businesses like those within the facility in which Defendant COURTESY AUTO RENTALS, LP is located for many reasons such as the purchase of retail merchandise.  Defendants' facilities are open to the general public and Plaintiffs have been denied access because of violations, as outlined above and specifically addressed elsewhere within this Complaint.  Additionally, Plaintiffs, as the named representatives, will fairly and adequately represent the interests of the class because Plaintiffs and the members of the disability community in the State of California who use a wheelchair for mobility have suffered substantially similar violations.  Finally, a pattern and practice exists on the part of Defendants, and each of them, of architectural discrimination at their public facilities located within the State of California.  On information and good faith belief, Plaintiffs thereon allege that Defendants, prior to the passing of the Americans With Disabilities Act in 1992, conceived, commissioned, designed, and implemented among other things, a design for their public facilities, including, but not limited to disabled parking facilities, exterior path of travel facilities, restroom, entrance facilities, interior path of travel facilities, and display facilities, which do not meet the minimal standards outlined under the federal regulations known as the Americans With Disabilities Act Accessibility Guidelines ("ADAAG") and state regulations, also known as Title 24 of the California Building Code, and to which non-compliant plan they continue to utilize to the injury of the members of the class.  For these reasons and the facts as stated herein, Plaintiffs have the right to maintain this statewide class action pursuant to Fed.R.Civ.P. Rule 23(b).

## CONCISE SET OF FACTS

7.     In 2006, Plaintiff's Member went to the COURTESY AUTO RENTALS, LP.  As Said Member is unable to walk Plaintiff's Member uses a wheelchair. Plaintiff's Member experienced architectural barriers at the place at which impeded his access.  Plaintiff can prove these barriers as

Plaintiff conducted a survey of Defendants' facility and Plaintiff's counsel will provide it to competent defense counsel. Plaintiff's Members allege its visually and hearing impaired members desire to go to Defendants' facility but cannot because of lack of auxiliary aids.

Plaintiffs specifically allege that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access.  First, Plaintiffs will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access - that it would be hard to believe that noncompliance with ADAAG as to accessible entrances could be other than intentional.  Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers.  Third, Defendants have no plans to remodel.  Fourth, it would be hard to believe that Defendants did not have actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage.  Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers.   Plaintiffs allege any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features.  Plaintiffs allege businesses often state that they have few customers with disabilities. Plaintiffs allege such customers avoid patronizing inaccessible business and are deterred from patronizing such businesses.   The courts have recognized deterrence-based damage claims under Civil Code 54.3 and 52. Since California courts have held that the California disability access laws manifest an intent on the part of the legislature that they be interpreted in a manner that maximizes incentives for compliance, (see Donald, 266 Cal. Rptr. at 808-11) the courts conclude that application of this canon of construction requires that 54.1 and 51, and their respective damages provisions, 54.3 and 52, be interpreted as extending to claims based on incidents of deterrence. The courts therefore hold that where a plaintiff can prove that violations of applicable California disability access standards deterred her on a particular occasion from attempting to attend a place of public accommodation, that plaintiff states a claim for relief under California Civil Code 54.1 and 51 and, in particular, for damages,

under 54.3 and 52. Plaintiffs allege people with disabilities still face systemic discrimination each and every day. One of the most debilitating forms of discrimination is segregation imposed by others. Discrimination also includes exclusion, or denial or benefits, services, or other opportunities that are as effective and meaningful as those provided to others. Discrimination results from actions or inactions that discriminate by effect as well as by intent or design. Discrimination also includes harms resulting from the construction of transportation, architectural, and communication barriers and the adoption or application of standards and criteria and practices and procedures based on thoughtlessness or indifference-of benign neglect. Discrimination also includes harms affecting individuals with a history of disability, and those regarded by others as having a disability as well as persons associated with such individuals that are based on false presumptions, generalizations, misperceptions, patronizing attitudes, ignorance, irrational fears, and pernicious mythologies. Discrimination also includes the effects a person's disability may have on others. The ADA aim is: (1) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; [and] (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. (42 U.S.C. § 12101(b)(1), (2) (Supp. II 1990)) Plaintiffs allege the legislative history of the Act, which reflects congressional, concerns over the deleterious effects of discrimination against people with disabilities. As a result, Congress incorporated within Title II of the ADA the remedial provision in Section 504 of the Rehabilitation Act of 1973. (As amended 29 U.S.C. § 794a)(42 U.S.C. § 12133)(See *Smith v. Barton*, 914 F.2d 1330, 1336 (9th Cir. 1990), cert. denied, 111 S.Ct. 2825 (1991)) Much has been written recently about the ADA and its mechanisms of enforcement. (See e.g., *Doran v. Del Taco, Inc.*, --- F.Supp.2d ---- (C.D. Cal. June 9, 2005); Molski, 347 F.Supp.2d at 862-63; *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1070-71 (D.Haw.2000)) For purposes of this suit, it is sufficient to note that the statute creates a private right of action through which a litigant may seek injunctive relief as well as attorneys' fees and costs. (42 U.S.C. § 2188(a)) Plaintiffs allege that it cannot be said that because an attorney has chosen to specialize in an area, which provides statutory attorneys fees his practice is necessarily

7

suspect. Class actions, antitrust, and consumer protection statutes are just some of the examples where the legislature has made a determination that society will benefit from private attorneys general. The ADA is but another example. Plaintiff TRIPPLE AAA ASSOCIATION FOR CHILDREN WITH DEVELOPMENTAL DISABILITIES is an organization that advocates on the behalf of children and others with disabilities specifically including adults who use wheelchairs when their civil rights and liberties have been violated. Plaintiff's Member visited the place in 2006 and plans on returning to the place and he encountered architectural barriers there. Association standing requires that (1) its members would otherwise have standing to sue in their own right, (2) the interests the association seeks to protect are germane to the organization's purpose and (3) neither the claim asserted nor the relief requested requires the participation of individual members. *Hunt v. Washington Apple Advertising Commission*, 432 U.S. 333, 343; *Greater Los Angeles Council On Deafness, Inc. v. Baldrige*, 827 F.2d 1353, 1358 (9th Cir. 1987). Plaintiffs have standing to bring this action. Plaintiff Association has at least four members who use wheelchairs as they cannot walk at all. The purpose of the Association is to fight to remove access and architectural barriers.

8.      Plaintiff's Member has a physical impairment and due to this impairment he has learned to successfully operate a wheelchair. Plaintiff's Member and Plaintiff(s) has physical impairments because her conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff's Member and Plaintiff(s) said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff's Member and Plaintiff(s) cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff's Member and Plaintiff(s) has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

9.      Plaintiff's Members expressly intend to patronize the establishment and the property that is the subject of this Complaint in the immediate future.

10.      When Plaintiff's Member researched Defendants' facilities, he discovered he would be

8

unable to use the public accommodations' at Defendants' business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements as specified herein. Defendants failed to remove access barriers within the parking, exterior path of travel and entrance public accommodations of Defendants' establishment.  Plaintiff's Member was deterred from patronizing the facility because he experienced difficulty using the parking, exterior path of travel and entrance access barriers at Defendants' facility.

11.     The architectural regulations or "design standards" implemented by the federal ADA are often referred to in the literature as "ADAAGs," which is an acronym for "ADA Architectural Guidelines." (See *Independent Living I, 982 F. Supp. at pp. 707-708* ["The guidelines issued by the Access Board are denominated the 'ADA Accessibility Guidelines' ('ADAAG.') The design standards enacted by the Attorney General are identical to the ADAAGs, but are denominated as 'Standards.' Despite the technical distinction, the two terms are often used interchangeably."]; *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd. (S.D. Fla. 2001) 146 F. Supp. 2d 1334, 1336* ["These guidelines are called ... ("ADAAG") ... ."].) The "ADAAGs" are found in Appendix A to Part 36 of title 28 of the Code of Federal Regulations. The ADAAG violations alleged here are basically so intuitive that it would be hard to believe that noncompliance with them could be other than intentional.

12.     Plaintiff(s) was deterred from patronizing the facility due to the alleged ADA violations and/or alleged architectural barriers outlined in Paragraphs 10 through 11 above.

13.     While Plaintiff's Member expressly wants to patronize Defendant's establishment and the property that is the subject of this Complaint in the immediate future, Plaintiff and Plaintiff's Member is expressly deterred from returning to the establishment and the property that is the subject of this Complaint due to the existence of the architectural barriers outlined above in Paragraphs 10 through 11.

14.     Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under

9

the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

15.     Plaintiffs believe and herein allege Defendants' facilities have access violations not directly known by Plaintiff which preclude or limit access by other members of Plaintiff organization or other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown. Also, Plaintiffs allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

16.     Based on these facts, Plaintiffs allege Plaintiff's Member and Plaintiff(s) were discriminated against each time he patronized Defendants' establishment. Plaintiff's Member was extremely upset due to Defendants' conduct.

## NOTICE

17.     Plaintiffs are not required to provide notice to the defendants prior to filing a complaint. (See *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000))

## WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT

18.     COURTESY AUTO RENTALS, LP; BUDGET TRUCK RENTAL, LLC; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

19.     Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

10

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

Claim I

19.     Based on the facts stated above, Defendants discriminated against Plaintiffs on the  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public  accommodation as Defendants own, lease (or lease to), or operate a  place of public accommodation in violation of 42 U.S.C. §12182.

Claim II

20.     Based on the facts stated above, Defendants discriminated against Plaintiffs directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity in violation of 42 U.S.C. §12182.

Claim III

21.     Based on the facts stated above, Defendants discriminated against Plaintiffs as it is discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S.C. §12182.

Claim IV

22.     Based on the facts stated above, Defendants discriminated against Plaintiffs as it is discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals.

Claim V

23.     Based on the facts stated above, Defendants discriminated against Plaintiffs as Defendants failed to afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual in violation of 42 U.S.C. §12182.

Claim VI

24.     Based on the facts stated above, Defendants discriminated against Plaintiffs as Defendants utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §12182.

Claim VII

25.     Based on the facts stated above, Defendants discriminated against Plaintiffs as it is discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association in violation of 42 U.S.C. §12182. See Niece v. Fitzner 922 F. Supp. 1208 (1996)

Claim VIII

26.     Based on the facts stated above, Defendants discriminated against Plaintiffs as Defendants engaged in the following specific prohibitions: (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered; (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities;

27.     (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services; (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities in violation of 42 U.S.C. §12182.

Claim IX

28.     Based on the facts stated above, Defendants discriminated against Plaintiffs as Defendant failed to demonstrate that the removal of a barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner in violation of 42 U.S.C. §12182.

Claim X

29.     Based on the facts stated above, Defendants discriminated against Plaintiffs as Defendants altered the use of their establishment in a manner that affected or could have affected the usability of the facility or part thereof and failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs in violation of 42 U.S.C. §12183.

30.     WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**
### CLAIM I: **Denial Of Full And Equal Access**

31.     Based on the facts plead at ¶¶ 6-16 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff(s) was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances,

Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. These violations denied Plaintiff's Member and Plaintiff(s) full and equal access to Defendants' facility. Thus, Plaintiff's Member and Plaintiff(s) was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff(s) was denied full, equal and safe access to Defendants' facility, causing severe emotional distress. The Disabled Persons Act is found in *sections 54* of the Civil Code, and has been around in some form on the statute books since the late 1960's--more than 20 years before the federal ADA. (See Stats. 1968, ch. 461.) The Disabled Persons Act begins with the statement in *subdivision (a) of section 54* that "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of ... public facilities, and other public places." (*β 54, subd. (a).*) *Section 54* is immediately followed by *section 54.1, subdivision (a)(3)* of which--in contrast to the more spartan reference to the ADA in *section 51*--specifically incorporates ADA *regulations*. The enforcement of *section 54* is to be found in *section 54.3. Subdivision (a)(3) of section 54.1* provides: " 'Full and equal access,' for purposes of this section in its application to transportation, means access that meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 (Public Law 101-336) and federal regulations adopted pursuant thereto, except that, if the laws of this state prescribe higher standards, it shall mean access that meets those higher standards." *Subdivision (a) of section 54.3* provides in its entirety: "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in *Sections 54* and *54.1* or otherwise interferes with the rights of an individual with a disability under *Section 54*, *54.1*, and *54.2* is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($ 1,000), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in *Sections 54*, *54.1*, and *54.2*. 'Interfere' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal

dog, or service dog from carrying out its functions in assisting a disabled person." *Section 54.3* was construed in the 1990 *Cafe Royale* decision as providing for strict liability--that is, liability without any need for intentional conduct--prior to the 1992 legislation which added both *subdivision (f) to section 51* and *subdivision (c) of section 54* (back then in the context of the minimum penalty under *section 54.3* which was $ 250; now it is $ 1,000). *Cafe Royale* was a case decided prior to the enactment of the ADA, and contains not a word about federal law. It was also decided exclusively under *Civil Code section 54 et seq.*, and contains not one word on the **Unruh** Act.  In *Cafe Royale*, a wheelchair user (a former deputy Attorney General and member of the Attorney General's task force on **disability)** discovered that he could not reach the main dining area of a tiered restaurant on his own, though the restaurant offered to lift him up the stairs. He declined an offer of help because it would attract attention and because he might be dropped in the process of being bodily picked up and moved. He sued the restaurant under *section 54.3* because of the absence of ramps or elevators to the second-tiered area. The restaurant thought that it had complied with the law because its architect thought, based on an informal conversation with an employee of the San Francisco building department, that a certain number of handicapped seating places was "all that was needed for compliance." (See *id. at. p. 174*.)  The building department employee, however, gave the restaurant architect erroneous advice. In fact, the State Building Standards Code (required by *Government Code section 4450 et seq*) provided that all floors of a restaurant be on a common level or else accessible by either ramps or elevators. While a hardship exemption might be obtained, 75 percent of the main dinning area would still need to be handicap accessible, and the Cafe Royale's option of seating wheelchair patrons in the bar or having them carried to the common area was a violation.  On appeal, the fact of the violation was understood by all parties: "All parties agreed that Cafe Royale's seating capacity was in violation of the handicap access requirements." (*Cafe Royale, supra, 218 Cal. App. 3d at p. 174*.) Hence issue was joined as to whether the restaurant's "good faith" belief that it was "in compliance" (*ibid.*) was sufficient to deny the patron recovery under *section 54.3*. The trial court thought so, but the appellate court disagreed. The appellate court reasoned thusly: the fact that *section 54.3* said a person who "denies or interferes with admittance

to or enjoyment of the public facilities as specified in *section 54* and *54.1* ... is liable for each offense ... but in no case less than two hundred fifty dollars ($ 250) ... ." The court said: "The plain meaning of this language is that ordinarily minimum statutory damages in the amount of $ 250 must be awarded for a denial of equal access in violation of *section 54 et seq.*, *notwithstanding the defendant's intent*." (*Id. at p. 177*.) The *Cafe Royale* court reasoned that an interpretation of *section 54.3* that included an element of intentional violation would, because the level of compliance would diminish, yield "a result that is clearly repugnant to the statutory purpose."  Further, the Donald case held a Plaintiff need not visit the facility to sue for compliance.(*Id. at pp. 179-180*.) So the trial court reversed the trial court judgment awarding the plaintiff nothing, and concluded that he was entitled to the $ 250 statutory minimum. (See *id. at pp. 180-181*.)  Café Royale applies here. Thus, Defendants' good faith efforts, if any, are irrelevant as is any reliance on a city building inspector.

## CLAIM II: **Failure To Modify Practices, Policies And Procedures**

32.     Based on the facts plead at ¶¶ 6-16 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff's Member and Plaintiff(s) were subjected to discrimination in violation of Civil Code § 54.1.

## CLAIM III: **Violation Of The Unruh Act**

33.     Based on the facts plead at ¶¶ 6-16 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to knowingly discriminate against Plaintiffs and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.  Plaintiffs allege the access violations alleged here are so obvious as to implicate at least a prima facie case of discriminatory intent.

34.     Based on the facts plead at ¶¶ 6-16 above, Claims I, II, and III of Plaintiffs' Second Cause

Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community. Plaintiffs allege there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiffs desire to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

35.     Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.      For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

B.      For damages pursuant to Cal. Civil Code § 52 or 54.3

C.      For attorneys fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 51, 52; 54.3;

D.      A Jury Trial and;

E.      For such other further relief as the court deems proper.

17

1    Respectfully submitted:

2                                                    **PINNOCK & WAKEFIELD, A.P.C.**

3    Dated:_____11-22-06_____

4                                        By: _____

5                                              THEODORE A. PINNOCK, ESQ.

6                                              MICHELLE L. WAKEFIELD, ESQ.
                                               Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** TRIPPLE AAA ASSOCIATION FOR CHILDREN WITH DEVELOPMENTAL DISABILITIES

**DEFENDANTS** COURTESY AUTO RENTALS, LP; BUDGET TRUCK RENTALS, LLC; and does 1 through 10, Inclusive, Defendants.

2006 NOV 22 PM 9:50

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Theodore A. Pinnock, Esq.     SBN 153434
Michelle L. Wakefield, Esq.     SBN 200424
David C. Wakefield, Esq.     SBN:185736
Pinnock & Wakefield; 3033 Fifth Avenue, Suite 410
San Diego, California 92103
Telephone: (619) 858-3671; Facsimile: (619) 858-3646

**ATTORNEYS (IF KNOWN)**

'06 CV 2590     B   NLS

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization. Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice: |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**
TO BE DETERMINED AT TRIAL

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE ___  Docket Number ___

DATE  November 22, 2006

SIGNATURE OF ATTORNEY OF RECORD

132035   sa 11/22/06 #350

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

\# 132035 — A1
November 22, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-06-CV-2590 | | 60.00 CC |
| Judge | — BREWSTER | | |
| CV086400 | | | 100.00 CC |
| CV510000 | | | 190.00 CC |

Total—> 350.00

FROM: CIVIL FILING AAA ASSOC. FOR
CHILDREN W/ DISABILITIES ET AL
V. COURTESY AUTO RENTALS ET AL
VISA AUTH# 010005 SH